IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE A. LOPEZ-NAZARIO,

Petitioner

v.                                                    CIVIL NO. 98-1128 (PG)

MANUEL MARTINEZ-ARROYO,
WARDEN, et al.,

Respondent

## REPORT AND RECOMMENDATION

Petitioner has filed a motion for postconviction under 28 U.S.C. §2254. He was convicted after trial and sentenced for a controlled substance violation. He filed a direct appeal from said conviction before the Circuit Court of Appeals for the Southern Section of the Commonwealth of Puerto Rico and his conviction was affirmed with a thorough opinion.

Petitioner stated he filed for post-conviction relief before the Puerto Rico trial court under Rule 192.1 on May 20, 1999. Notwithstanding orders to produce documents, there is no showing as to the decisions rendered nor if an appeal to same was ever filed.

The petitioner's motion before this court was filed on February 11, 1998. Evidently petitioner realized he had not exhausted state remedies and proceeded to file his Rule 192.1 after he filed this federal *habeas* petition.[1]   No state court determination on his motion for

---

[1] There is a petition entitled "mandamus" filed on May 20, 1999, before the San Juan Section, First Instance Court. The Rule 192.1 before the sentencing court, Ponce Section is dated September 3, 1998.

AO 72
(Rev 8/82)

<u>José A. López-Nazario v. Manuel Martínez-Arroyo, Warden, et al.,</u>  Page 2 of 3
Civil No. 98-1128(PG)

new trial has become available. Still, examination of petitioner's Rule 192.1 shows the arguments raised therein are quite different to those presented at the federal level, mainly that he considers to have been rehabilitated and the sentence was excessive. At the federal level petitioner is claiming the evidence was insufficient for making a determination of guilt and the trial court failed in not crediting the defendant's testimony and his defense. As such, petitioner would still have not complied with the exhaustion requirement. The same claim that is sought before a federal *habeas* should have been fairly presented to the state courts in order to give those courts the first opportunity to consider same. <u>Duncan v. Henry</u>, 513 U.S. 364, 115 S.Ct. 887 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 92 S.Ct. 509 (1971).

This magistrate considers that petitioner has not exhausted available relief and should not be dismissed on such grounds.

However, even if the issue of exhaustion is set aside, the federal *habeas* petition would be subject to summary dismissal since as drafted, the petition fails to present sufficient grounds that for which a relief may be granted. <u>United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993). Summary dismissal of a petition is appropriate when the petition is conclusively refuted by the alleged facts, by the files and the record of the case. <u>United States v. DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. 1978). Summary dismissal in this case is proper since the claim is inadequate on its face. <u>Barrett v. United States</u>, 965 F.2d 1184, 1195 (1st Cir. 1995). Rule 4(b) of the Rules Governing Section 2254 Proceedings.

Petitioner herein has not presented any violation of a federal right or under the United States constitution.

It is thus recommended that the petition be DISMISSED.

AO 72
(Rev 8/82)

<u>José A. López-Nazario v. Manuel Martínez-Arroyo, Warden, et al.,</u>  Page 3 of 3
Civil No. 98-1128(PG)

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time, waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).

San Juan, Puerto Rico,  July 12, 2000.

*[signature]*

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE

AO 72
(Rev 8/82)